Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

_____ Division

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON _____ (DATE) FOR MAILING
Staff Initial ____ I/M Initial

WARREN L. OLIVER

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Dr. Calderon, Dr. Anandsiwala, Dr.
Michellee Schovest, Dr. Bassa, William
pratt, Ms. pence, Mr. Regar, Ms. Howell, Mr.
Griffis, Mrs. Elizabeth Mallard, Centurion
LLC and ~~?~~ *Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above,*
*please write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No. 3:21-CV-573-TJC-PDB
*(to be filled in by the Clerk's Office)*

P.A. Graig McKoy

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

**B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.


Defendant No. 1:
Name: Dr. Cesar Calderon
Job or Title: Doctor
Shield Number: N/A
Address: Centurion/Tomoka C.I.
        3950 Tiger Bay Road
        Daytona Beach, FL 32124
        Individual Capacity


Defendant No. 2:
Name: Dr. N. Anandjiwala
Job or Title: Doctor
Shield Number: N/A
Address: Centurion/RMC
        Regional Medical Center
        P.O. Box 628
        Lake Butler, FL 32054
        Individual Capacity


Defendant No. 3:
Name: Dr. Michelle Schouest
Job or Title: Doctor
Shield Number: N/A
Address: Centurion/Central Office
        500 South Calhoun St.
        Tallahassee, FL 32399
        Individual Capacity

Defendant No. 4:
Name: Dr. Bassa
Job or Title: Doctor
Shield Number: N/A
Address: Centurion/RMC
   Regional Medical Center
   P.O. Box 628
   Lake Butler, FL 32054
   Individual Capacity


Defendant No. 5:
Name: William Pratt
Job or Title: Food Service Director
Shield Number: N/A
Address: Lake Butler/RMC
   Regional Medical Center
   P.O. Box 628
   Lake Butler, FL 32054
   Individual Capacity


Defendant No. 6:
Name: Ms. Pence
Job or Title: Physical Therapies
Shield Number: N/A
Address: Lake Butler/RMC
   Regional Medical Center
   P.O. Box 628
   Lake Butler, FL 32054
   Individual Capacity


Defendant No. 7:
Name: Mr. Regar
Job or Title: Food Service Employee
Shield Number: N/A
Address: Lake Butler/RMC
   Regional Medical Center
   P.O. Box 628
   Lake Butler, FL 32054
   Individual Capacity

Defendant No. 8:
Name: Ms. Howell
Job or Title: ADA Coordinator
Shield Number: N/A
Address: Lake Butler/RMC
       Regional Medical Center
       P.O. Box 628
       Lake Butler, FL 32054
       Individual Capacity

Defendant No. 9:
Name: Griffis
Job or Title: Chaplain
Shield Number: N/A
Address: Lake Butler/RMC
       Regional Medical Center
       P.O. Box 628
       Lake Butler, FL 32054
       Individual Capacity

Defendant No. 10:
Name: Elizabeth Mallard
Job or Title: Assistant Warden
Shield Number: N/A
Address: Lake Butler/RMC
       Regional Medical Center
       P.O. Box 628
       Lake Butler, FL 32054
       Individual Capacity

Defendant No. 11: Centurion of Florida LLC
Name: Centurion
Job or Title: Medical company or vendor
Shield Number: N/A
Address: _____

Defendant No. 12
Name: Chief Dr. John Doe
Job or Title: Chief Doctor
Sheild Number: N/A
Address: Columbia correctional Institution
216 S.E. Corrections Way
Lake city FL 32025

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity    ☐ Official capacity

**Defendant No. 4**

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

*See attached* Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth Amendment, deliberately indifference, cruel & unusual punishment, delay in treatment, ADA violations, first amendment retaliation & deprived of religious services.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

All defendants infringed on Plaintiff eighth amendment, first amendment, retaliation, ADA discrimination and deprived him of service of the ADA plus religious services.

**III.    Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

**IV.    Statement of Claim**

See attached  State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

IV.   **Statement of Claim**

**A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.**

> N/A

**B. If the events giving rise to your claim arose in an institution, describe where and when they arose.**

1. Plaintiff Warren L. Oliver, is and was at all mentioned herein a prisoner of the State of Florida Department Of Corrections.
2. Plaintiff is currently confined in a Florida Prison, Columbia C.I. Annex, Columbia County, Florida
3. The events arose at the Main Unit at Tomoka C.I.

**C. What date and approximate time did the events giving rise to your claim(s) occur?**

4. Defendant Cesar Calderon was the Chief Doctor at Tomoka C.I. and is responsible for the health and safety of all inmates at that Institution.
5. Plaintiff had saw Dr. Calderon on numerous occasions for his shoulder and neck.

**D. What are the facts underlying your claim(s)?**

6. Dr. Calderon had ordered a x-ray and the x-ray came back with something wrong with Plaintiff.
7. Dr. Calderon gave Plaintiff a pill that did not take the pain away.
8. Dr. Cesar Calderon did not send Plaintiff to a neurologist or neurosurgeon for his injury after complaining numerous times.
9. Dr. Calderon was deliberately indifferent to Plaintiff's health and safety.
10. This was done maliciously and sadistically to cause harm.
11. Plaintiff has submitted a lot of grievances on Dr. Calderon for not treating his injuries.
12. They had gave plaintiff another doctor, Dr. Bala. Dr. Bala had Plaintiff go to RMC for a MRI and the MRI showed a C3-C4 herniated disk.

13. Dr. Bala had Plaintiff sigh a consult to see the neurosurgeon for his injuries.

14. Plaintiff had saw Dr. Hill, the neurosurgeon and he said that he needs to see the disk and report.

15. Tomoka C.I. just sent Dr. Hill the report.

16. Plaintiff went back to Tomoka C.I. without having surgery for his problems.

17. Plaintiff was transferred to Central Florida Reception Center (CFRC).

18. The doctor there had Plaintiff sign a consult to see Dr. Hill again.

19. Plaintiff was transferred to Regional Medical Center (RMC) pending to see the neurosurgeon.

20. Plaintiff went to Jackson Memorial Hospital to see Dr. Hill again, so RMC did not have the disk either, just the report after Dr. Hill keep mentioning he needs to review the images also.

21. Dr. Hill had ordered a MRI at Jackson Memorial Hospital and the report and disk was the same C3-C4, but they mistakenly sent Plaintiff back to RMC instead of keeping him at Jackson Memorial Hospital to do the surgery.

22. Plaintiff was sent back to Jackson Memorial Hospital for his surgery and he had his surgery on 2-18-2020.

23. Plaintiff had stayed at Jackson Memorial Hospital for two (2) days.

24. Plaintiff was on pain pill called oxycodone at Jackson Memorial Hospital and Dr. Hill recommended him to have oxycodone for his pain.

25. Plaintiff did not receive oxycodone or other things Dr. Hill recommended.

26. Dr. N. Anandjiwala is the Chief Health Care provider at Regional Medical Center (RMC), and is responsible for the heath care of all offenders or convicts at that hospital.

27. Dr. N. Anandjiwala ordered Plaintiff Lortabs for seven (7) days one time and she never ordered any moire pain pills again.

28. Plaintiff had a follow-up with this health care provider APRN Twyla Carley and Plaintiff told her he is still in pain, so he needs to renew his pain pills.

29. APRN Twyla Carley told Plaintiff Dr. Anandjiwala will not order Plaintiff any more pain pills for his pain.

30. Dr. N. Anandjiwala was deliberately indifferent to Plaintiff health and safety, in which

infringes on his eighth amendment.

31. Dr. N. Anandjiwala did not send Plaintiff back to Jackson Memorial when the neurosurgeon recommended it.

32. Dr. N. Anandjiwala sent Plaintiff back to Jackson Memorial when she wants to and that approximately three (3) months later.

33. Dr. Hill and the neurologist recommended for Plaintiff to have a wrist splint, Dr. N. Anandjiwala did not give him a wrist splint until five (5) months later, after Plaintiff had submitted grievances on the issue.

34. Dr. Hill had recommended for Plaintiff to have a wheel chair for his injuries and Dr. Anandjiwala took his wheel chair from him when he really needed it.

35. Dr. Anandjiwala gave Plaintiff a walker instead knowing he has an injury with his leg and knee.

36. Plaintiff had fallen on many occasions because of this.

37. Plaintiff leg went numb and he knee gave out on him.

38. Dr. Anandjiwala did not give Plaintiff a MRI or CT scan for his knee, just an x-ray two (2) times.

39. The x-ray did not show anything so the next step is a MRI or CT scan in which she did not do.

40. Plaintiff had saw Dr. Hill again and he had recommended a wheel chair again as needed.

41. Dr. N. Anandjiwala was deliberately indifferent to Plaintiff health and safety and delay in treatment.

42. Dr. Hill, the neurosurgeon had recommended Lyrica a pain pill for Plaintiff pain and suffering and Dr. Anandjiwala, plus Dr. Bassa gave Plaintiff Baclofen and Flexereal which isn't a pain reliever.

43. Plaintiff is in "imminent" danger to his health and safety.

44. Plaintiff was housed at Tomoka C.I. for four (4) years with this condition and Dr. Calderon did not do anything for this serious injury.

45. Michelle Schouest is the doctor for central office.

46. Michelle Schouest is Dr. Calderon, Dr. Anandjiwala and Dr. Bassa boss at RMC; she is required to direct them to treat Plaintiff for his serious physical injury.

47. Plaintiff has appealed his grivance to Dr. Michelle Schouest, she knew he has a serious physical medical condition but ignored and did not do anything about it.

48. Central office is the last place Plaintiff can exhaust his administrative remedies and that's where Dr. Michelle Schouest works.

49. Dr. Bassa is the director of medical and he will not order the medication Lyrica for Plaintiff pain and suffering.

50. Dr. Bassa is worried about the cost of the medication instead of Plaintiff pain and suffering.

51. Budgetary restraints doesn't justify defendants from giving Plaintiff the medication to help him for the pain and suffering.

52. Defendants will not give Plaintiff the proper medical treatment because of the cost of treating him for his injuries.

53. Dr. Hill, the neurosurgeon had recommended Lyrica at least three (3) times an Dr. Bassa and Dr. Anandjiwala did not give or order those medications oxycodone also.

54. Dr. Bassa and Dr. Anandjiwala were deliberately indifferent to Plaintiff health and safety.

55. Dr. Bassa and Dr. Anandjiwala did not adhere to the neurosurgeon recommendations.

56. Dr. Hill, the neurosurgeon recommended the Plaintiff to have physical therapy at least three (3) times. Dr. Anandjiwala and Ms. Pence had denied it.

57. Ms. Pence was a physical therapist at RMC and she denied Plaintiff physical therapy once when her co-worker, Connie Glenn stated he needs physical therapy.

58. Dr. Anandjiwala and Ms. Pence were deliberately indifferent to Plaintiff health and safety.

59. When a specialist recommends anything the primary doctors are required to adhere their recommendations.

60. William Pratt is the Food Service Director and is responsible for all inmates food supply at RMC.

61. Plaintiff is on a low fiber diet for his injuries that he doctors had prescribed for him.

62. Plaintiff isn't receiving the proper food on his diet trays at Regional Medical Center.

63. Defendant William Pratt is depriving Plaintiff of his medical diet that the doctors had prescribed for him.

64. Plaintiff has written this issue up many of times with grievances, and he still hasn't received the proper or right food items on his low fiber diet trays.

65. William Pratt had served the compound spoiled food that made a lot of offenders sick including Plaintiff.

66. This has occurred on many occasions that William Pratt served the compound (offenders) spoiled food.

67. Many offenders had written this matter up with grievances.

68. William Pratt has deprived many inmates for their diet trays without the proper food items.

69. The menu that William Pratt has is not the same menu that Central Office has.

70. William Pratt has made his own menu in which is fraud.

71. The meat product Defendant Pratt is serving on the low fiber diet trays are not fit for human consumption, it is toxic.

72. The food William Pratt is serving is hurting Plaintiff abdomen worse than before with this toxic meat.

73. This is the same toxic meat they were serving us years before that was given us cancer.

74. Mr. Regar is a food service employee that works, under William Pratt, that is required to prepare and monitor the food at RMC.

75. Defendant Regar harassed, used foul language, abusive language towards Plaintiff, for asking him for his diet tray.

76. Defendant Regar deprived Plaintiff of his low fiber diet tray.

77. Defendant Regar had said to Plaintiff, "you are not getting a low fiber diet tray, fuck boy, and get out of by mother fucking face."

78. Defendant Regar had did this on many occasions, depriving him of his low fiber diet tray.

79. Plaintiff had submitted grievances on the issue and the assistant warden had the inspector general investigate the matter, but Plaintiff hasn't heard anything from the matter.

80. Budgetary restraints doesn't justify defendant's for serving Plaintiff the proper or right food.

81. Defendant are trying to save money by not giving Plaintiff his low fiber diet with the proper food items on it.

82. Defendant's William Pratt & Mr. Regar were deliberately indifferent to Plaintiff's health and safety.

83. Mr. Regar will tell Plaintiff he can't get alternate low fiber diet,  when Plaintiff has asks for one.

84. Plaintiff wants a low fiber diet alternate tray, because of the meat that is toxic on that tray.

85. Plaintiff is required to have real meat on his low fiber diet tray, that's why his abdomen is messed up because of the toxic meat.

86. Plaintiff is required to have chicken leg quarters four (4) days out of the week and they are not giving it to him.

87. Plaintiff was at a medical institution and he couldn't get the proper medical treatment.

88. Plaintiff was retaliated on by Mr. Regar for submitting grievances on his boss, William Pratt.

89. Ms. Howell is the ADA coordinator at the Regional Medical Center (RMC), for all offenders at all times.

90. Ms. Howell had deprived Plaintiff from participating in the ADA activities and programs.

91. Ms. Howell had discriminated towards Plaintiff about his ADA status.

92. Plaintiff had submitted grievances about his ADA status and Ms. Howell and the assistant warden of programs, Mrs. Mallard stated, "I am not a ADA offender," in which Plaintiff is.

93. Plaintiff had talked to Ms. Howell and Mrs. Mallard personally and they had said that Plaintiff isn't a ADA offender and can's participate in any programs or activities.

94. Plaintiff had surgery he has a C3-C4 a herniated disk and he is in a wheel chair.

95. Ms. Howell and Mrs. Mallard deprived Plaintiff from attending the ADA meeting and accommodations that he is required to have.

96. The last grievance Plaintiff had submitted on the issue, now they say he is a ADA offender.

97. Plaintiff was transferred out of retaliation for submitting grievances on his health and safety, plus his religious services.

98. Plaintiff was housed at Central Florida Reception Center (CFRC) before he was transferred to RMC for surgery.

99. Central Florida Reception Center has ADA accommodations there also, but they had transferred Plaintiff to Columbia C.I., because he was submitting grievances on his health and safety, plus his religious services.

100.    Plaintiff was submitting grievances on those issues, so they were upset and retaliated by sending him to Columbia C.I.

101.    Plaintiff has a three month follow up with the neurosurgeon to do another surgery.

102.    Defendant wasn't required to transfer him do to his medical status.

103.    Plaintiff has a right to redress grievances.

104.    Plaintiff was required to stay at RMC until his surgeries are complete, he would have to stay at RMC to recover anyway.

105.    Plaintiff is going to have further follow-ups with the neurosurgeon after his surgery.

106.    Plaintiff has something wrong with his lumbar spine and his shoulder is still messed up.

107.    Chaplain Griffis and the administration infringed on Plaintiff's first (1st) Amendment when they would not let him attend his Jewish Services.

108.    The administration and Chaplin Griffis let the permanents had services in the chapel due to Covid 19, but would not Plaintiff.

109.    All other institutions let their offenders have service, but RMC transients.

110.    The Chaplain did not put notices out concerning our Jewish holidays (Purim), so Plaintiff can attend and the RDP Passover meal.

111.    Plaintiff was deprived of attending his Jewish Services.

112.    Plaintiff had a MRI and he has a tear in his shoulder that hasn't been treated by Dr.Anandjiwala after Dr. Hill recommended Plaintiff to have the MRI.

113.    This is deliberately indifferent to Plaintiff health and safety, his shoulder is getting worse. 114. Centurion is a medical company that FDOC has a contract with to oversee all inmates medical conditions. 115. Centurion has a policy that will not treat inmates for their medical injuries after many complaints. 116. Centurion will not adhere to the specilists recommendation knowing that the recommends will help the inmate. 117. ~~McKoy~~ at Cole brace I will not treat plaintiff for his injuries knowing he has a serious medical condition. 118. Plaintiff signed up to get his medications renewed but ~~McKoy~~ Columbia C.I. medical personnel will not give it to him he is in pain all the time.

-13-

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff has an injury to his neck, arm, knee and leg. The problem has gotten worse, because the delay in treatment and no pain pills, or no treatment at all. The doctors will not adhere to the neurosurgeons recommendations, so his injury has gotten worse. Plaintiff has a C3-C4 herniated disk, something is wrong with his lumbar spine and he has a tear in his left shoulder that wasn't treated for years and still hasn't. His knee hasn't been treated with MRI or pain pills.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff wants to have surgery, pain pills that the neurosurgeon had recommended (Lyrica). Don't want to be retaliated on for submitting grievances. Plaintiff wants the proper food on his low fiber tray. Plaintiff wants RMC and other defendants to adhere to the neurosurgeon and neurologist recommendations.  Plaintiff want $800,000.00 for money damages and $300,000.00 for punitive damages. Plaintiff wants a jury trial on all claims in the suit, and any additional relief this court deems equitable to grant.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Tomoka C.I. / Reginal Medical Center (RMC)

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All of my claims

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.     If you did file a grievance:

1.   Where did you file the grievance?

At Tomoka C.I. and Reginal Medical Center.

2.   What did you claim in your grievance?

Deliberately indifference, delay in treatment, ADA Violation, Retaliation and deprived of religious services

3.   What was the result, if any?

Some were approved and some were denied.

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

The grievance process is completed. I exhausted my administrative remedies, Central office is the highest level.

Page 7 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

N/A

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I have exhausted all my administrative remedies

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

3:11-CV-964-J-34-MCR, 5:15-CV-16-WS-CJK, 5:13-CV-209-WS-GRJ, 5:13-CV-218-RS-GRJ, 1:16-CV-2205UU, 6:17-CV-1792-GAP-EJK is on appeal.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)   Warren Oliver
     Defendant(s)   FDOC Officials or Secretary of DOC

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     Leon County, FL

3.   Docket or index number
     I had forgot the case number, it was lost three (3) cases. The paperwork was lost or thrown away.

4.   Name of Judge assigned to your case
     Charles Frances / Jackie Fulford and Patterson.

5.   Approximate date of filing lawsuit
     I think it was 2009, 2011 or 2013

6.   Is the case still pending?
     ☐ Yes
     ☑ No

     If no, give the approximate date of disposition   I don't remember

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     It was dismissed, but I appealed it.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Warren Oliver
Defendant(s)   FDOC officials or Secretary of DOC

2.   Court *(if federal court, name the district; if state court, name the county and State)*

Middle

3.   Docket or index number

[:]14-CV-184-MP-GRJ, 3:14-CV-1213-HLA-JBT,3:15-CV-402
5-20-MCL2

4.   Name of Judge assigned to your case

Brian Davis

5.   Approximate date of filing lawsuit

2014

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition.   It was appealed

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

It was appealed

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?



Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   Warren Oliver
   Defendant(s)  Kathleen, et al;

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Southern

3. Docket or index number
   1:16-CV-2208-UU

4. Name of Judge assigned to your case
   I believe it was Judge ~~XXXX~~ Ursula ungaro

5. Approximate date of filing lawsuit
   I think was 2016 ~~XX~~ ~~XX~~

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition   I think 2019 or 20

7. What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

   dismissed

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    Warren Oliver

Defendant(s)    Warden Whitehead, etc',

2.    Court *(if federal court, name the district; if state court, name the county and State)*

Middle

3.    Docket or index number

3:14 - CV - 1506 - BJD - JRK

4.    Name of Judge assigned to your case

James R. Klindt, Brain Davis

5.    Approximate date of filing lawsuit

I think 2014, 2015 or 2016

6.    Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition.    _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

It was dismissed

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)   Warren Oliver
     Defendant(s)   Harden, et al.

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     Middle

3.   Docket or index number
     3:11-CV-964-J-37-MCR

4.   Name of Judge assigned to your case
     Roy B. Dalton Jr

5.   Approximate date of filing lawsuit
     2011

6.   Is the case still pending?

     ☐ Yes

     ☑ No

     If no, give the approximate date of disposition.   I don't remember

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     It was dismissed, but I appealed it

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ **Yes**

☐ **No**

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   **Parties to the previous lawsuit**
     **Plaintiff(s)**   Warren Oliver
     **Defendant(s)**   Sgt. Cass, et al.

2.   **Court** *(if federal court, name the district; if state court, name the county and State)*

     Northern District

3.   **Docket or index number**
     5:13-CV-209-WS-GRJ, 5:13-CV-218-GRJ

4.   **Name of Judge assigned to your case**
     William Stafford or Charles J. Kahn Jr

5.   **Approximate date of filing lawsuit**
     I think it was 2013 or 2014

6.   **Is the case still pending?**
     ☐ **Yes**
     ☑ **No**
     **If no, give the approximate date of disposition**   I don't remember

7.   **What was the result of the case?** *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     It was dismissed, but I appealed it and don't know what happened, the appeal court never sent me an order.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)   Warren Oliver
     Defendant(s)   Gafford, et ali

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     Northern

3.   Docket or index number
     5:15-CV-153-MP-GRJ

4.   Name of Judge assigned to your case
     William Stafford

5.   Approximate date of filing lawsuit
     I think it was 2014 or 2015

6.   Is the case still pending?

     ☐ Yes

     ☑ No

     If no, give the approximate date of disposition   2018- or 2019

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     Granted in part, denied in part. The case was settled out

~24~

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.      If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.      Parties to the previous lawsuit

Plaintiff(s)   Warren Oliver

Defendant(s)   Sgt. Reeder

2.      Court *(if federal court, name the district; if state court, name the county and State)*

Leon County, Second Circuit and First

3.      Docket or index number

2010-CA-1757, 2010-CA-80, I don't remember the other #'s, the papers are lost.

4.      Name of Judge assigned to your case

Charles Frances / Jackie Fulford

5.      Approximate date of filing lawsuit

I don't remember, I lost the paper work

6.      Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.   denied

7.      What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

The institution made me file a voluntary dismiss, They were writing false DR's on me and depriving me of things.

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

—25—

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
       Plaintiff(s)    Warren Oliver
       Defendant(s)    Dr Calderony et ali

2.    Court *(if federal court, name the district; if state court, name the county and State)*

       Middle

3.    Docket or index number
       6:17-cv-1792-GAP-EJK

4.    Name of Judge assigned to your case
       Gregory A. presnell

5.    Approximate date of filing lawsuit
       2017

6.    Is the case still pending?

       ☐ Yes

       ☑ No

       If no, give the approximate date of disposition    2-24-2021

7.    What was the result of the case?  *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

       It Was dismissed Without prejudice

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff     _____

Printed Name of Plaintiff  WARREN OLIVER

Prison Identification #    78469

Prison Address            Columbia C.I., 216 Corrections Way

Lake City                          FL
      _____   _____   _____
              *City*                *State*      *Zip Code*

### B.        For Attorneys

Date of signing: _____

Signature of Attorney     _____

Printed Name of Attorney  _____

Bar Number                _____

Name of Law Firm          _____

Address                   _____

      _____   _____   _____
              *City*                *State*      *Zip Code*

Telephone Number          _____

E-mail Address            _____

